**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4910**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

MOISES GARZA RAMIREZ,

                    Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:08-cr-00042-LHT-1)

Submitted:  April 20, 2009                Decided:  May 8, 2009

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard E. Cassady, WILLIAMS & CASSADY, PLLC, Sylva, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Moises Garza Ramirez appeals the district court's order denying his motions to suppress evidence seized from his home and his statements to law enforcement officers. Ramirez pled guilty to one count of possessing a firearm while being illegally in the United States, in violation of 18 U.S.C. § 922(g)(5) (2006), but reserved the right to appeal the denial of his suppression motions. We affirm.

Ramirez first argues that the district court erred in denying his motion to suppress the evidence seized from his home. This court reviews the legal conclusions underlying the denial of a motion to suppress de novo, while it reviews the factual findings for clear error. United States v. Moreland, 437 F.3d 424, 429 (4th Cir. 2006). Also, the evidence is construed in the light most favorable to the Government, as the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Consent given freely and voluntarily is a recognized exception to the Fourth Amendment warrant requirement. See Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). "In determining whether consent to search was freely and voluntarily given, the totality of the circumstances surrounding the consent must be examined." United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996).

Our review of the record leads us to conclude that Ramirez freely and voluntarily consented to the search of his home and the district court properly denied his motion to suppress with respect to the evidence seized from his home.

Ramirez next claims that the district court erred in denying his motion to suppress with respect to his statements regarding ownership of the firearm and his immigration status. Statements obtained from a defendant during custodial interrogation are presumptively compelled in violation of the Fifth Amendment, unless the Government shows that law enforcement officers adequately informed the defendant of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), and obtained a waiver of those rights. United States v. Cardwell, 433 F.3d 378, 388-89 (4th Cir. 2005). We have reviewed the record and conclude that Ramirez was not in custody for purposes of Miranda at the time he made any of the challenged statements. Accordingly, the district court did not err in denying Ramirez's motion to suppress his statements. We therefore affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED